# CV 18-1435

DONNELLY, J.

BLOOM, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

RICHARD FARMER

        Plaintiff,

   v.

DR. LUCIA PATINO, OPTOMETRIST, P.C.,
D/b/a PATINO EYE CARE,
DR. LUCIA PATINO OD, OWNER,
RODRIGO MOLINA, OWNER, G.M., and
DR. ANGELA V. DUSSAN OD, et al.,

        Defendants.

--------------------------------------------------------------x

*ORIGINAL*

CIVIL ACTION No.:

**COMPLAINT AND
JURY TRIAL DEMAND**



RECEIVED
MAR 0 6 2018
PRO SE OFFICE

Plaintiff Richard Farmer, by and through appearing Pro Se, hereby brings this complaint against Dr. Lucia Patino, Optometrist, P.C., d/b/a Patino Eye Care, Dr. Lucia Patino OD, Owner Optometrist, and Rodrigo Molina, Owner and General Manager, and Dr. Angela V. Dussan Optometrist, alleges as follows:

## I. INTRODUCTION

1.    This action is brought by Plaintiff against Defendants, alleging violations of Federal Labor Standards Act, 29 U.S.C. §§ 201 et. seq. ("FLSA"), the New York Labor Law ("NYLL"), the New York State Department of Labor the Wage Theft Prevention Act ("WTPA"), and the New York State Department of Labor Wage Theft Prevention Act under ("Labor Law Section 215"), Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, (ADEA), and the Americans with Disabilities Act of 1990, (ADA), 704(a) of Title VII of the Civil Rights Act of 1964, section 4(d) of the ADEA, Section 503 (a) of the ADA and Section 207(f) of GINA, Torts, § 652 Invasion of Privacy, § 652B Intrusion Upon Seclusion, and

1

§ 766(A)(B) Intentional Interference with the Employment Contract arising from Defendants' various willful and unlawful employment policies, patterns and/or practices, and from Defendants' retaliation and wrongful termination.

2.     Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from Defendants (1) back wages, (2) liquidated damages, and (3) attorney's fees and costs.

3.     Plaintiff further alleges pursuant to New York Labor Law §§ 650 et. seq. and 12 New York Codes, Rules and Regulations §§ 142 et. seq.  ("NYCRR"), that he is entitled to recover from Defendants (1) liquidated damages, compensatory damages, and (2) attorney's fees and costs.

## II.  JURISDICTION AND VENUE

4.     This Court has original federal jurisdiction over the instant action under 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

5.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1367(a).

6.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants resides in and/or conduct business in this judicial district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.  PARTIES

7.     Plaintiff is a resident of Queens New York, and was employed by Defendants to work as a Sales person and Lab Technician at Dr. Lucia Patino, Optometrist P.C., d/b/a Patino Eye Care at 8114 Roosevelt Avenue, Jackson Heights, NY 11372 from October 29, 2017 through November 15, 2017.

8.      Upon information and belief, Defendant Dr. Lucia Patino, Optometrist P.C. ("PATINO"), d/b/a Patino Eye Care, is a New York domestic corporation, organized and existing under the laws of the State of New York, with a principal place of business at 8114 Roosevelt Avenue, Jackson Heights, NY 11372.

9.      Upon information and belief, Defendant ("PATINO") is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

10.     Upon information and belief, Defendant ("PATINO") purchases and handles goods moved in interstate commerce.

11.     Upon information and belief, Defendant Lucia Patino ("Lucia Patino") is the owner, officer, director, manager, and/or managing agent of Defendants Dr. Lucia Patino Optometrist, P.C., participated in the day-to-day operations acted intentionally and maliciously, exercised control and supervision over Plaintiff, determined and oversaw Plaintiff's payroll, and was an employer pursuant to FLSA, 29 U.S.C. 203d, and regulations promulgated thereunder, 29 CFR §791.2, NYLL §2 and the regulations promulgated thereunder, and is jointly and severally liable.

12.     Moreover, upon information and belief, Dr. Lucia Patino Optometrist, P.C. and its owners, the Defendants Lucia Patino, through Defendant , Dr. Lucia Patino Optometrist, P.C., controlled Plaintiff's employment and had the final and ultimate authority to determine Plaintiff's position, job duties, pay and compensation, performance evaluation and discipline, and work schedule.

13.     At all times relevant herein, the Defendants, were, and continue to be "enterprises engaged in commerce" within the meaning of FLSA.

14.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

15.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his compensation, failed to post the required Notice of Pay, to provide Plaintiff a wage notice at the time of hiring, to provide Plaintiff with pay stubs, and to keep accurate time records in contravention of FLSA and NYLL.

16.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

17.     Upon information and belief, Defendant Lucia Patino ("PATINO"), Defendants Molina, and Angela V. Dussan, violated  Plaintiffs rights when they violated Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, (ADEA), and the Americans with Disabilities Act of 1990, (ADA)., The harasser can be the victim's supervisor, a supervisor in another area, an agent of the employer, a co-worker, or a non-employee, the victim does not have to be the person harassed, but can be anyone affected by the offensive conduct, unlawful harassment may occur without economic injury to, or discharge of, the victim.

18.     Upon information and belief, Defendants Rodrigo Molina. ("MOLINA"), is the spouse, owner and General Manager of Dr. Lucia Patino Optometrist, P.C., a New York domestic corporation, organized and existing under the laws of the State of New York, with a principal place of business at 8114 Roosevelt Avenue, Jackson Heights, NY 11372.

19.     Upon information and belief, Defendants Rodrigo Molina ("MOLINA"), violated Plaintiff's right when they violated Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, (ADEA), and the Americans with Disabilities Act of 1990, (ADA)., The harasser can be the victim's supervisor, a supervisor in another area, an agent of the employer, a co-worker, or a non-employee, the victim does not have to be the person

harassed, but can be anyone affected by the offensive conduct, unlawful harassment may occur without economic injury to, or discharge of, the victim.

20.     Upon information and belief, Defendants Lucia Patino ("PATINO"), and Rodrigo Molina ("MOLINA"), violated Plaintiff's right when he was asserting his rights under the FLSA in violation of Section 15(a)(3) of the Act, and violated Plaintiff's protected activity.

21.     Upon information and belief, Defendants Lucia Patino ("PATINO") and Rodrigo Molina ("MOLINA"), violated Plaintiff's right when he was asserting his rights under section 704(a) of Title VII, section 4(d) of the ADEA, Section 503 (a) of the ADA and Section 207(f) of GINA, it is unlawful for any employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against anyone, or for a union to discriminate against its members or membership applicants, because they have oppose any practice made unlawful by the statues, or because they made a charged, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has a similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

22.     Upon information and belief, Dr. Angela V. Dussan, use to work with Plaintiff at Woodside Optical Corp ("WOC") for three weeks in February 2016 before she was terminated from her employment for insubordination, interfered in Plaintiff's employment while Plaintiff was employed at Patino Eye Care.

## VI.  **STATEMENT OF FACT**

23.     Plaintiff an optical sales and lab technician with 30 years' experience in all phases in the optical business was hired by Patino Eye Care ("PATINO") to perform sales, billing and the fabrication of eyeglasses after he displayed exceptional abilities to do the work that was

required, while working with patients of every national within the ("PATINO") eye care practice.

24.     On Monday September 30, 2017 Plaintiff's first day of employment, Defendants Molina supervised and instructed Plaintiff to commit deceptive business practices throughout to enrich the practice and themselves.

25.     Defendants Molina business practices, policy and procedures, do what your told, keep your mouth shut if you want to keep your full time job.

26.     While working at ("PATINO") Plaintiff was employed at a neighboring optical since August 2017 when Defendants Molina went into Plaintiff's job on or about the beginning of October 2017 in search for an Optician/Lab Technician for his office, Dr. Lucia Patino, Optometrist, P.C., d/b/a Patino Eye Care.

27.     When Plaintiff left his job at the end of the work day on Friday October 27, 2017 he walked into Patino Eye Care second location and was informed by a staff employee that their main principal location was in fact hiring.

28.     Plaintiff went to 8114 Roosevelt Avenue, Jackson Heights, NY 11372 and met Defendants Molina, Mr. Molina overheard the conversation that Plaintiff was having with the receptionist and asked the Plaintiff to wait for him to get off the phone.

29.     Defendants Molina informed Plaintiff he was looking for an optical sales person, lab manager and he recognized Plaintiff from the neighboring optical ("PRECISE OPTOMETRY"), Defendants Molina informed Plaintiff he in fact went into Plaintiff's job and inquired about him three weeks prior.

30.     Defendants Molina explained to Plaintiff his relationship with the owner of Precise Optometry thereafter went into the history of the previous employee of two years and half years was terminated from his employment because he was no longer dependable.

6

31.     Defendant Molina also explained the status of the current employee on October 27, 2017 who was working that day while Plaintiff was being interviewed and informed the Plaintiff that his last day of work was in fact that day, so they needed someone as soon as possible to work full time.

32.     Plaintiff started his full time employment with ("PATINO") on Monday October 30, 2017 and continued his employment one day employment at Precise Optometry working a total six days a week.

33.     On or about November 9, 2017 at 4:00 pm, Defendants Molina came into the office on his day off called Plaintiff into a room for a private meeting, suddenly and without warning restricted Plaintiff's movements and job duties within the practice.

## VII.   DEFENDANTS DEMAND AND RESTRICTIONS OF PLAINTIFF'S JOB DUTIES

34.     Plaintiff was told by Defendants Molino to cease the following duties;

    a)  You will no longer engage in optical sales we prefer to leave that to the female Spanish (Speaking) sales staff.

    b)  You will no longer look up patient files or have access to the companies Practice Management Software or E.M.R. ("ELECTRONIC MEDICAL RECORDS")

    c)  You can no longer bill Davis Vision eyeglass orders or input orders on line.

35.     Plaintiff was informed by Defendants Molina that he could write a letter of Complaint, Plaintiff was also informed Defendant's Molina; if you don't like the changes or if you can't accept them oh well there's the door.

36.     On Wednesday November 15, 2017 Plaintiff was called into another meeting with Defendants Dr. Lucia Patino and Rodrigo Molina.

37.     Once the Defendant's uploaded Plaintiff's written Complaint and EEOC Charge Complaint via email and they read the EEOC Charge Complaint in front of the Plaintiff.

38.     Moments later Defendants Lucia Patino informed Plaintiff; oh no its not going to work out I will send a copy of the EEOC Charge complaint to my attorney.

39.     Defendants Lucia Patino and Molina terminated Plaintiff from his employment after receiving and reading the EEOC Charge complaint.

40.     Plaintiff made a request for a letter of termination and his payroll check.

41.     Defendants Lucia Patino offered the Plaintiff cash; Plaintiff refused the cash and requested a payroll check with paystub.

42.     Defendants Lucia Patino gave Plaintiff a bank check without a paystub and a letter of termination.

43.     Several days later a stop payment was put on the bank check by ("PATINO") causing the Plaintiff to pay an overdraft fee.

44.     Approximately four weeks later after Plaintiff was terminated from his employment Plaintiff learned that Defendants Patino and Molina retaliated against Plaintiff while he was employed after learning that Plaintiff was involved and participating in a separate FLSA proceeding in the EDNY.

45.     Opposing Counsel for the Defendants in the separate action conducted an illegal investigation and interfered in Plaintiff's employment while Plaintiff was employed at ("PATINO") while behind the scenes Defendants Patino and Molina secretly and intentionally committed an invasion of privacy and intruded into Plaintiff's personal affairs without permission or consent.

46.    In addition Plaintiff later learned Defendants Dussan whom worked with Plaintiff for a brief three weeks at his previous employer Woodside Optical Corp ("WOC") was also involved in the interference with Plaintiff's employment at ("PATINO").

47.    Meanwhile Defendants ("PATINO") reached out to Plaintiff's employer ("PRECISE OPTOMETRY") and put Precise in contact with opposing Counsel for ("WOC"), causing opposing Counsel to interfere with Plaintiff's employment with ("PRECISE OPTOMETRY").

48.    After Plaintiff was terminated from his employment from ("PATINO") without cause Defendants Dr. Lucia Patino and Dr. Angela Dussan names show up on opposing Counsels a Pre-Trial Motion as witnesses conspiring with opposing Counsel who is representing Woodside Optical Corp ("WOC") a Defendant who is currently involved in a FLSA proceeding in the EDNY with the Plaintiff.

49.    Defendants Lucia Patino and Angela Dussan agreed to assist opposing Counsel with WOC to help damage, discriminate, harass and discredit Plaintiff during his FLSA proceeding being heard in the EDNY.

50.    Defendants Patino, Molina and Dussan in secret while Plaintiff was employed communicated with opposing Counsel a Defendant in a FLSA proceeding in the EDNY, committed invasion of privacy into Plaintiff's personal affairs and interfered in Plaintiff's employment.

51.    Defendants ("PATINO") and ("MOLINA") became alarmed by the information that was supplied to them by opposing Counsel who represented another Defendant in a separate FLSA case because they were involved in similar fraudulent business practices.

52.     Defendants ("PATINO") and ("MOLINA") took extreme measures to retaliate against Plaintiff while he was employed and violated Plaintiff's protected activities and plotted to terminate Plaintiff's employment.

53.     Defendants committed the following alleged acts knowingly, intentionally, and willfully.

### VIOLATION OF THE FLSA ACT

54.     Defendants knew that the nonpayment of straight time, overtime pay and spread of hours pay, and failure to post the required Notice of Pay, provide employee with pay stubs, provide the required wage notice at the time of hiring, and keep accurate time records would financially injure Plaintiff and violate state and federal laws.

55.     Plaintiff was initially hired by Defendants to work as store sales person and a Lab Manager at 8114 Roosevelt Avenue, Jackson Heights, NY 11372.

56.     Plaintiff's with 30 years' experience in the optical field and was hired by Defendants after showing his skills in fabricating eyeglasses and working with the sales staff on the sales floor to promote upgrades.

57.     Defendants offered Plaintiff an hourly rate of $23.00 an hour.

58.     Plaintiff did not perform common managerial functions for the Defendants such as hiring, terminations, discipline or scheduling; he was only required to turn in staff work hours via email and increased sales.

59.     Plaintiff did not perform any administrative or executive duties for the Defendants.

60.     Plaintiff did not participate in creating business policies or practices and did not have any oversight over Defendants' business operations.

61.     Plaintiff typically worked in excess of 40 hours per week.

62.     At all times relevant herein, Plaintiff was not properly paid straight time and overtime compensation.

63.     Defendants did not have an employment handbook or a probationary employment policy.

64.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

## STATEMENT OF CLAIM

### Count I

**[Violation of the Fair Labor Standards Act-Overtime Wage and Straight Time Pay]**

65.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

66.     At all relevant times, upon information and belief, Defendants were and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

67.     Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

68.     At all relevant times, Defendants employed Plaintiff as "employee" within the meaning of the FLSA.

69.     Upon information and belief; at all relevant times, each Corporate Defendants had gross revenues in excess of $500,000.

70.     Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of forty (40) hours per workweek under FLSA.

11

71.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for hours worked in excess of forty (40) hours per workweek.

72.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of forty (40) hours per workweek.

73.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for his lawful overtime wages for hours worked when they knew or should have known such was due, and that failure to pay overtime would financially injure Plaintiff.

74.     The FLSA requires employers to post and maintain a display containing notices of employee rights to receive the statutory minimum wage and overtime compensation. Defendants failed to display the notices of employee rights to receive minimum wages and overtime pay as required under the FLSA.

75.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

76.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidate damages pursuant to the FLSA.

77.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, straight time pay, commission, and severance pay, plus an equal amount as liquidated damages and prejudgment interest thereon.

78.     Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## Count II

### [Violation of the New York Labor Law-Overtime Pay]

79.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the NYLL §§ 2 and 651.

81.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime wages in the lawful amount for hours worked in excess of forty (40) hours per workweek.

82.    The NYLL requires employers to post and maintain a display containing notices of employee rights to receive the statutory minimum wage and overtime compensation. Defendants failed to display the notices of employee rights to receive minimum wages and overtime pay as required under the NYLL.

83.    Defendants failed to properly disclose or apprise Plaintiff of his rights under the NYLL.

84.    Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to NYLL § 663(1), *et al.*, and § 198.

85.    Plaintiff also seeks liquidated damages and civil penalties pursuant to NYLL § 663(1) and the New York State Wage Theft Prevention Act.

## Count III

### [Violation of the New York Labor Law-Failure to Provide Wage Notice at the Time of Hiring]

86.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87.     The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, as claimed as part of wage; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; in violation of NYLL §195(1).

88.     Due to Defendants' violation of the NYLL §195-1, Plaintiff is entitled to recovery of liquidated damages and reasonable attorney's fees, and cost and disbursement of the action.

## Count IV

### [Violation of the New York Labor Law-Paystub Violation]

89.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90.     Defendants failed to furnish with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate and rates of pay and basis thereof,  whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked and the number of overtime hours worked; gross wages; deductions; allowances, if any, as claimed as part of wage; and net wages; in violation of NYLL §195(3).

## Count V

### [Violation of the New York Labor Law-Record-Keeping Violation]

14

91.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions and net wages for Plaintiff, in contravention of NYLL § 195(4) and New York State Department of Labor Regulations § 146-2.1.

93.     Defendants' failure to main the above records were not in good faith.

94.     As the result of Defendants' unlawful conduct, Plaintiffs have sustained damages, liquidated damages, prejudgment interest, cost and attorneys' fees pursuant to the state law.

## Count VI

### [Violation of the New York Labor Law-Failure to Provide Meal Period]

95.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

96.     Defendant failed to provide meal break to Plaintiff as required by NYLL § 162.

97.     Defendants' failure to provide meal periods required by NYLL § 162 was not in good faith.

## Count VII

### [Violation of FLSA –Retaliation]

98.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

99.     Plaintiff participated in activities protected under FLSA and known to Defendants, such as making complaints to Defendants about their FLSA violations.

100.    Plaintiff was demoted from the management position and then discharged by Defendants because Plaintiff made complaints about unpaid overtime compensation, Defendants' retaliation, Plaintiff informed the Defendants that he was going to report the Defendants'.

101.    Defendants acted in retaliation to Plaintiff's protected activities and caused damages and loss to Plaintiff, which shall be determined at trial.

## Count VIII

### [Violation Retaliatory Discharge]

102.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

## Count IX

### [Violation of the New York State Department of Labor the Wage Theft Prevention Act ("WTPA")]

103.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

## Count X

### [Violation of the New York State Department of Labor Wage Theft Prevention Act under ("Labor Law Section 215")]

104.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

## Count XI

### [Violation Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, (ADEA), and the Americans with Disabilities Act of 1990, (ADA)]

105.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

16

## Count XII

**[Violation Title VII of the Civil Rights Act of 1964, section 704(a), section 4(d) of the ADA, Section 503 (a) of the ADA and Section 207(f) of GINA]**

106.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

## Count XIII

**[Invasion of Privacy Restatement (Second) Torts § 652 (1977)]**

107.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

## Count XIV

**[Intrusion Upon Seclusion Restatement (Second) Torts § 652(B) (1977)]**

108.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

## Count XV

**[Invasion of Privacy Restatement (Second) Torts § 652(B) (1977)]**

109.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

## Count XVI

**[Invasion of Privacy Restatement (Second) Torts § 652(D) (1977)]**

110.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

## Count XVII

**[Intentional Infliction of Emotional Distress Restatement (Second) Torts § 46, (1965)]**

17

111.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

## Count XVIII

**[Intentional Interference with the Employment Contract Restatement (Second) of Torts § 766(A), (1977)]**

112.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

## Count XIX

**[Intentional Interference with the Employment Contract Restatement (Second) of Torts § 766(B), (1977)]**

113.    Plaintiff re-alleges and incorporates by reference all proceedings paragraphs as though fully set forth herein.

## Count XX

**[704(a) of Title VII of the Civil Rights Act of 1964, section 4(d) of the ADEA, Section 503 (a) of the ADA and Section 207(f) of GINA]**

114.    Plaintiff re-alleges and incorporates by reference all proceedings paragraphs as though fully set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

(a) An award of back wages pay, front pay due under the FLSA and the NYLL;

(b) An award of fines and penalties under NYLL for Defendants' wage notice violation, paystub violation, and record-keeping violation under NYLL;

(c) An award of liquidated damages as a result of the Defendants' violation of FLSA and NYLL;

(d) An award of prejudgment and post-judgment interest;

(e) Compensatory Damages violations under the FLSA;

(f) Punitive Damages under FLSA;

(g) Compensatory Damages and fines under the Violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, (ADEA), and the Americans with Disabilities Act of 1990, (ADA);

(h) Punitive Damages under the Violation Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, (ADEA), and the Americans with Disabilities Act of 1990, (ADA);

(i) Punitive Damages under the violation 704(a) of Title VII of the Civil Rights Act of 1964, section 4(d) of the ADEA, Section 503 (a) of the ADA and Section 207(f) of GINA.

(j) Punitive Damages under Invasion of Privacy Restatement (Second) Torts § 652 (1977);

(k) Punitive Damages under Intrusion Upon Seclusion Restatement (Second) Torts § 652(B) (1977),

(l) Punitive Damages under Intentional Infliction of Emotional Distress Restatement (Second) Torts § 46, (1965);

(m) An award of costs and expenses of this action together with reasonable attorneys' fees; and,

(n) Such other and further relief as this Court deems just and proper.

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## NEW YORK DISTRICT OFFICE- NOTICE OF SUIT RIGHTS

113.    EEOC –NOTICE OF SUIT RIGHTS-Supplied, Plaintiff received notice on or about December 21, 2017, EEOC Charge No. 520-2018-00558.

114.    Plaintiff would like to inform this Court the EEOC New York District Office did not conduct an investigation the staff employees of the New York District Office hand out Notice of Suit Rights notifications like raffle tickets. (See Attached-Notice of Suit Rights)

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       February 6, 2018

                                Respectfully submitted,

                                RICHARD FARMER, Plaintiff
                                Appearing Pro Se

                                By: Richard Farmer
                                498 Atlantic Ave,
                                Brooklyn, NY 11217
                                (347) 933-9685

DR. LUCIA PATINO, OPTOMETRIST, PC.
D/b/a Patino Eye Care
C/O Lucia Patino/Rodrigo Molina
8114 Roosevelt Ave.
Jackson Heights, NY 11372
Defendants

DR. ANGELA DUSSAN OD
15245 12th RD
White Stone, NY 11357-1942
Defendants

DR. ANGELA DUSSAN OD
Brilliant Vision Optical
97-21 Queens Blvd.
Rego Park, Queens NY 11374
Defendants

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Richard Farmer<br>Po Box 520123<br>Flushing, NY 11352 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |

| EEOC Charge No. | EEOC Representative | | Telephone No. |
|---|---|---|---|
| 520-2018-00558 | Paul Young,<br>Investigator | | (212) 336-3783 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

*Kevin J. Berry*

**Kevin J. Berry,**
**District Director**

DEC 0 4 2017

(Date Mailed)

Enclosures(s)

cc:  Lucia Patino
Owner
PATINO EYE CARE
8114 Roosevelt Avenue
Jackson Heights, NY 11372