UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICHARD FARMER,

                Plaintiff,

         -against-

DR. LUCIA PATINO, OPTOMETRIST, P.C.,
D.B.A.; PATINO EYE CARE; DR. LUCIA
PATINO, OD; RODRIGO MOLINA; DR. ANGELA
V. DUSSAN, OD,

                Defendants.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-1435 (AMD)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 1 6 2018
BROOKLYN OFFICE

ANN DONNELLY, United States District Judge.

On March 6, 2018, the plaintiff Richard Farmer, filed this *pro se* action, alleging violations of the Fair Labor Standards Act, 28 U.S.C. § 201 *et seq.* ("FLSA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("the ADEA"); the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"); and New York state and city laws. The plaintiff's submission includes an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, within 14 days of the entry of this Order, the plaintiff must file a Long Form application to proceed without prepayment of fees, or pay the $400 filing fee to proceed with this action.

## DISCUSSION

The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, No. 10 CV 3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, No. 07 CV 1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); *Cuoco v. U.S.*

1

*Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts have found that the "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" *Hobbs v. County of Westchester, et al.*, No. 00 Civ. 8170, 2002 WL 868269, at *2 (S.D.N.Y. May 3, 2002) (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)); *accord Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Pinede v. New York City Dept. of Environmental Protection*, No. 12 CV 06344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013); *DiGianni v. Pearson Educ.*, No. 10 CV 0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010); *Maccaro v. N.Y. City Health & Hospitals Corp.*, No. 07 CV 1413, 2007 WL 1101112, at *1 (E.D.N.Y. Apr. 11, 2007).

The plaintiff's financial declaration form does not clearly show that he cannot pay the Court's filing fee to commence this action. Although the plaintiff's complaint indicates that he was employed until November 2017, his declaration fails to indicate his wages for the past 12 months. (Compl., ECF No. 1, at ¶ 7; Decl. ¶ 2.) Furthermore, it is unclear whether the plaintiff is receiving unemployment benefits, or has any other sources of income. Accordingly, I deem the declaration incomplete. The plaintiff can submit additional financial information to show that he cannot pay the filing fee.

## CONCLUSION

Within 14 days of the entry of this Order, the plaintiff must file a Long Form application to proceed without prepayment of fees, or pay the $400 filing fee to proceed with this action.

The Clerk of Court shall send a Long Form IFP application to Plaintiff along with this Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                  s/Ann M. Donnelly

                                                  ANN DONNELLY
                                                  United States District Judge

Dated: Brooklyn, New York
       March 16, 2018