UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD FARMER,,

                            Plaintiff,                       18-CV-1435 (AMD) (LB)

             -against-

DR. LUCIA PATINO, OPTOMETRIST, P.C.,
d/b/a PATINO EYE CARE, DR. LUCIA PATINO OD,
OWNER, RODRIGO MOLINA, OWNER G.M., and
DR. ANGELA V. DUSSAN OD, et al.,

                            Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS DR. LUCIA PATINO, OPTOMETRIST, P.C., DR. LUCIA PATINO, AND RODRIGO MOLINA

ELLENOFF GROSSMAN & SCHOLE LLP
Amanda M. Fugazy
Paul P. Rooney
Robert Anderson
1345 Avenue of the Americas, 11th Fl.
New York, New York 10105
Tel: (212) 370-1300

*Attorneys for Defendants Dr. Lucia Patino, Optometrist, P.C., Dr. Lucia Patino and Rodrigo Molina*

Dated: New York, New York
       June 21, 2018

{00602202.DOCX.4}

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES  .......................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................... 1

SUMMARY OF FACTS ALLEGED IN THE COMPLAINT........................................ 2

ARGUMENT ................................................................................................................... 4

POINT I:      PLAINTIFF IS NOT ENTITLED TO SPECIAL SOLICITUDE ON THIS
              MOTION TO DISMISS ........................................................................... 4

POINT II:     THE COURT SHOULD DISMISS PLAINTIFF'S FEDERAL
              DISCRIMINATION CLAIMS  (COUNTS XI, XII & XX) ................................... 5

POINT III:    THE COURT SHOULD DISMISS PLAINTIFF'S FLSA AND NYLL
              RETALIATION CLAIMS (COUNTS VII-X).......................................... 7

              A. Plaintiff's allegations of complaints about alleged overtime are too vague and
                 conclusory to support a retaliation claim in any event. ...................................... 7

              B. Plaintiff's allegations about communications with a lawyer for a defendant
                 in another lawsuit fail to state a claim. ............................................. 10

POINT IV:     THE COURT SHOULD DISMISS PLAINTIFF'S OVERTIME CLAIMS
              UNDER THE FLSA AND NYLL (COUNTS I & II).......................................... 11

              A. Plaintiff's conclusory allegations fails to state a claim..................................... 12

              B. Documents that the Court is entitled to consider on this motion to dismiss..........
                 disprove Plaintiff's claim. .......................................................... 13

POINT V:      THE COURT SHOULD DISMISS PLAINTIFF'S LABOR LAW CLAIMS
              BASED ON MEAL PERIODS, RECORDKEEPING AND DISTRIBUTION
              OF REQUIRED FORMS (COUNTS III-VI) ....................................................... 15

POINT VI:     THE COURT SHOULD DISMISS PLAINTIFF'S INVASION OF PRIVACY
              CLAIMS (COUNTS XIII-XVI)............................................................. 16

POINT VII:    THE COURT SHOULD DISMISS PLAINTIFF'S INTENTIONAL
              INFLICTION OF EMOTIONAL DISTRESS CLAIMS (COUNTS XVII &
              XVIII) ................................................................................................. 17

POINT VIII: THE COURT SHOULD DISMISS PLAINTIFF'S TORTIOUS
              INTERFERENCE CLAIM (COUNT XIX) ........................................... 18

CONCLUSION................................................................................................................ 19

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ahmed v. Morgan's Hotel Grp. Mgmt., LLC,*
  160 A.D.3d 555, 74 N.Y.S.3d 546 (N.Y. App. Div. 2018) ..................................................... 15

*Ahmed v. Morgans Hotel Grp. Mgmt., LLC,*
  54 Misc. 3d 1220(A), 55 N.Y.S.3d 691 (N.Y. Sup. Ct. 2017)................................................. 15

*Anthony v. GE Capital Retail Bank,*
  2015 WL 10846141  (S.D.N.Y. Sept. 30, 2015)...................................................................... 17

*Arbaugh v. Y&H Corp.,*
  546 U.S. 500 (2006)................................................................................................................... 6

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)................................................................................................................ 4, 6

*Awan v. Durrani,*
  2015 WL 4000139 (E.D.N.Y. July 1, 2015) .......................................................................... 16

*Baguidy v. Boro Transit Inc.,*
  2017 WL 4443476 (E.D.N.Y. Sept. 30, 2017) ....................................................................... 10

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)................................................................................................................... 6

*Carter v. Tuttnaeur U.S.A. Co.,*
  78 F. Supp. 3d 564 (E.D.N.Y. 2015) ...................................................................................... 16

*Cherry v. Toussaint,*
  50 Fed.Appx. 476 (2d Cir. 2002) ............................................................................................. 7

*Cortec Indus., Inc. v. Sum Holding L.P.,*
  949 F.2d 42 (2d Cir. 1991)...................................................................................................... 14

*Da Silva v. Kinsho International Corporation,*
  229 F.3d 358 (2d Cir. 2000)...................................................................................................... 6

*Dejesus v. HF Mgmt. Servs., LLC,*
  726 F.3d 85 (2d Cir. 2013)...................................................................................................... 13

*Dudley v. Hanzon Homecare Servs., Inc.,*
  2018 WL 481884 (S.D.N.Y. Jan. 17, 2018) ............................................................................ 4

*Dunn v. Sederakis,*
  143 F. Supp. 3d 102 (S.D.N.Y. 2015)................................................................................. 9, 11

*Eyeghe v. Thierry*,
  No. 14-CV-1914 JMF, 2014 WL 5242605 (S.D.N.Y. Oct. 15, 2014)....................................6, 7

*Farmer v. City of New York*,
  06-cv-6181-SAS (S.D.N.Y.)...................................................................................................5

*Farmer v. Hyde Your Eyes Optical, Inc.*,
  No. 13-CV-6653 GBD JLC, 2015 WL 2250592 (S.D.N.Y. May 13, 2015) ..........................5

*Farmer v. Woodside Optical Corp.*, No. 16-CV-5178 (CBA),
  2017 WL 2539777 (E.D.N.Y. June 12, 2017) ......................................................................5

*Fridman v. GCS Computers LLC*,
  2018 WL 1581990 (S.D.N.Y. Mar. 27, 2018) ......................................................................12

*Greathouse v. JHS Sec. Inc.*,
  784 F.3d 105 (2d Cir. 2015)..................................................................................................9

*Guard–Life Corp. v. S. Parker Hardware Mfg. Corp.*,
  50 N.Y.2d 183, 428 N.Y.S.2d 628 (1980) ..........................................................................18

*Howell v. New York Post Co.*,
  81 N.Y.2d 115, 612 N.E.2d 699 (1993)...............................................................................17

*Li v. Oliver King Ents., Inc.*,
  2015 WL 4643145 (S.D.N.Y. Aug. 4, 2015) .......................................................................11

*Kasten v. Saint-Gobain Performance Plastics Corp.*,
  563 U.S. 1 (2011) .................................................................................................................9

*Krassner v. 2nd Ave. Delicatessen Inc.*,
  496 F.3d 229 (2d Cir. 2007).................................................................................................4

*Kuhnmuench v. Phenix Pierre*, LLC,
  No. 16-CV-9162-LTS, 2018 WL 1357383 (S.D.N.Y. Mar. 15, 2018)..................................7

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
  711 F.3d 106 (2d Cir. 2013).................................................................................................12

*Mullins v. City of New York*,
  626 F.3d 47 (2d Cir. 2010)...................................................................................................8

*Murray v. SYSCO Corp.*,
  273 A.D.2d 760, 710 N.Y.S.2d 179 (3d Dep't 2000)...........................................................18

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
 723 F.3d 192 (2d Cir. 2013) ................................................................. 12

*Nestlerode v. Federal Ins. Co.*,
 66 A.D.2d 504, 414 N.Y.S.2d 398 (4th Dep't 1979) ............................... 18

*Smith v. Blavatnik*,
 2014 WL 3739689 (S.D.N.Y. July 30, 2014) 79) ................................... 6

*Spiegel v. Schulmann*,
 604 F.3d 72 (2d Cir. 2010) ...................................................................... 7

*Thomas v. Westchester Cty. Health Care Corp.*,
 232 F. Supp. 2d 273 (S.D.N.Y. 2002) ..................................................... 14

*Tomka v. Seiler Corp.*,
 66 F.3d 1295 (2d Cir. 1995) .................................................................... 7

*Tracy v. Freshwater*,
 623 F.3d 90 (2d Cir. 2010) ...................................................................... 4

*Watkins v. First Student, Inc.*,
 2018 WL 1135480 (S.D.N.Y. Feb. 28, 2018) .......................................... 9

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*,
 127 F. Supp. 3d 156 (S.D.N.Y. 2015) ..................................................... 14

*Zhang v. Ichiban Grp., LLC*,
 2017 WL 5991748 (N.D.N.Y. Dec. 1, 2017) ........................................... 14

**Statutes and Court Rules**

Age Discrimination in Employment Act, 29 U.S.C. § 630(b) ........................... 5

Americans with Disabilities Act, 42 U.S.C. § 12101(5)(A) ............................ 5

Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e(b) ............................ 5

Fair Labor Standards Act, 29 U.S.C. § 215 ................................................ 1, 10

Fed. R. Civ. P. 12(b)(6) ................................................................................ 4

Genetic Information Non-Discrimination Act, 42 U.S.C. § 2000ff (West) ............ 5

New York Labor Law § 162 .......................................................................... 16

New York Labor Law § 194(4) ...................................................................... 16

New York Labor Law § 195.1 ........................................................................ 15

New York Labor Law § 195(3) .................................................................................. 16

New York Labor Law § 198(1–b) and (1–d) ............................................................. 15

New York Labor Law § 215 ............................................................................. 1, 8, 10

**Secondary Sources**

13 N.Y. Prac., *Employment Litigation in N.Y.* § 5:27 n.4 (2018) ................................ 18

Restatement (Second) of Torts § 652 .......................................................................... 16

## PRELIMINARY STATEMENT

Plaintiff Richard Farmer ("Plaintiff") has filed a 20-count complaint based on his two weeks of employment with Dr. Lucia Patino, Optometrist, P.C. ("Patino Eye Care"). The Court should dismiss the complaint as to Defendants Patino Eye Care, Dr. Lucia Patino, and Rodrigo Molina ("Defendants"), for the following reasons:

I.    All four federal discrimination statutes under which Plaintiff sued Defendants require that the defendant employer have fifteen (15) employees during the relevant time period, a fact Plaintiff fails to allege. Also, none of the four statutes provides for individual liability. (Counts XI, XII and XX).

II.   Plaintiff's retaliation claims under § 215 of the Fair Labor Standards Act ("FLSA") and § 215 of the New York Labor Law ("NYLL") fail because Plaintiff makes only conclusory allegations and alleges actions not prohibited by those laws. (Counts VII-X).

III.  Plaintiff's overtime claims under the FLSA and NYLL fail because Plaintiff's allegations are too vague and conclusory to state a claim and documents integral to the complaint, and of which the Court may take judicial notice, conclusively prove that Plaintiff was paid for any overtime he worked. (Counts I and II).

IV.   Plaintiff's other NYLL claims fail because: (A) failure to give a wage notice is not actionable if the plaintiff has been paid in full; (B) Plaintiff was given a pay stub; (C) there is no private right of action for alleged failure to keep payroll records; and (D) there is no private right of action for alleged failure to provide a meal period. (Counts III, IV, V and VI).

V.     Plaintiff's invasion of privacy claims fail because New York law does not recognize invasion of privacy as a cause of action aside from use of a person's likeness in publicity. (Counts XIII-XVI).

VI.    Plaintiff's allegations fail to state a claim for intentional infliction of emotional distress. (Counts XVII-XVIII).

VII.   Plaintiff's allegations fail to state a claim for tortious interference with contract. (Count XIX).

## SUMMARY OF FACTS ALLEGED IN THE COMPLAINT

Plaintiff brings his claims against Defendants in a complaint filed on March 6, 2018 and served upon Defendants on May 31, 2018.

Plaintiff alleges that he was employed from October 29, 2017 until November 15, 2017 (a total of 17 days).  Compl. ¶ 7.  His first day of work was October 30, 2017.  *Id.* ¶ 32.  Plaintiff alleges that "[o]n or about November 9, 2017 at 4:00 p.m., Defendants (sic) Molina came into the office on his day off called (sic) Plaintiff into a room for a private meeting, suddenly and without warning restricted Plaintiffs' movements and job duties within the practice."  *Id.* ¶ 33. Plaintiff claims he "was told by Defendants (sic) Molino to cease the following duties: a) You will no longer engage in optical sales we prefer to leave that to the Spanish (Speaking) sales staff.  b) You will no longer look up patient files or have access to the companies (sic) Practice Management Software or E.M.R. ('ELECTRONIC MEDICAL RECORDS').[1] c) You can no longer bill Davis Vision eyeglass orders or input orders on line."  *Id.* ¶ 35.

Plaintiff further alleges that "[o]n Wednesday November 15, 2017 Plaintiff was called into another meeting with Defendants Dr. Lucia Patino and Rodrigo Molina."  *Id.* ¶ 36.  Plaintiff

---

[1] In all cases where words in all capital letters are quoted from the complaint, the words are in all capital letter in the complaint.

claims that "[o]nce Defendant's (sic) upload Plaintiffs' (sic) written Complaint and EEOC Charge Complaint via email and they read the EEOC Charge Complaint in front of the Plaintiff[,] [m]oments later Defendants (sic) Lucia Patino informed Plaintiff; oh no its (sic) not going to work out[.] I will send a copy of the EEOC Charge complaint to my attorney." *Id.* ¶¶ 36-37. Plaintiff alleges that "Defendants Lucia Patino and Molina terminated Plaintiff from his employment after receiving and reading the EEOC Charge complaint." *Id.* ¶ 39.

Plaintiff claims that he was given his pay in a bank check without a paystub and that Defendants put a stop payment on the check several days later. *Id.* ¶ 42-43. Plaintiff was given a paycheck for $1,925.22 and a paystub. *See* Affirmation of Dr. Lucia Patino ("Patino Aff."), Exhibits "1" – "3." Plaintiff filed a complaint with the New York Department of Labor claiming he was entitled to $1,924.00 in wages. *Id.*, Exhibit "4."

Plaintiff claims that four weeks after his termination he "learned that Defendants Patino and Molina retaliated against Plaintiff while he was employed after learning that Plaintiff was involved and participating in a separate FLSA proceeding in the EDNY." Complaint ¶ 44. Plaintiff further claims that "Defendants ('PATINO') reached out to Plaintiff's employer ('PRECISE OPTOMETRY') and put Precise in contract with opposing Counsel for [Woodside Optical Corp., with whom Plaintiff was involved in a lawsuit] causing opposing Counsel to interfere with Plaintiff's employment with ('PRECISE OPTOMETRY')." *Id.* ¶ 47. Plaintiff alleges that "[a]fter Plaintiff was terminated from his employment from ('PATINO') without cause Defendants Dr. Lucia Patino['s] and Dr. Angela Dussan['s] names show up on opposing Counsels (sic) a Pre-Trial Motion as witnesses conspiring with opposing counsel who is representing Woodside Optical Corp. ('WOC') a defendant who is currently involved in a FLSA proceeding in the EDNY with the Plaintiff." *Id.* ¶ 48. Moreover, Plaintiff claims that he was

terminated from his employment because he made "complaints to defendants about their FLSA violations." Compl. ¶ 99.

Defendants filed the instant motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on June 21, 2018.

## ARGUMENT

## POINT I:
## PLAINTIFF IS NOT ENTITLED TO SPECIAL
## SOLICITUDE ON THIS MOTION TO DISMISS

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Krassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). "To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Generally, Courts must grant *pro se* plaintiffs "special solicitude." *Tracy v. Freshwater*, 623 F.3d 90, 100-04 (2d Cir. 2010). However, "[s]uch special solicitude is not unlimited." *Dudley v. Hanzon Homecare Servs., Inc.*, 2018 WL 481884, at *2 (S.D.N.Y. Jan. 17, 2018). "The degree of solicitude may be lessened where the particular pro se litigant is experienced in litigation and familiar with the procedural setting presented." *Tracy*, 623 F.3d at 102 (2d Cir. 2010). Plaintiff is such a litigant. This is Plaintiff's third lawsuit asserting FLSA violations and retaliation in the last five years, and Plaintiff was briefly *pro se* during one of those prior suits.[2] In addition, Plaintiff filed another *pro se* complaint alleging civil rights violations in 2006.

---

[2] *Farmer v. Hyde Your Eyes Optical, Inc.*, No. 13-CV-6653 GBD JLC, 2015 WL 2250592, at *4 (S.D.N.Y. May 13, 2015); *Farmer v. Woodside Optical Corp.*, No. 16-CV-5178 (CBA), 2017 WL 2539777 (E.D.N.Y. June 12, 2017).

*Farmer v. City of New York*, 06-cv-6181-SAS (S.D.N.Y).  Plaintiff is clearly well aware of employment law and familiar with the court system and its procedures.  As such, he should be treated similarly to a represented party.  Regardless, even if the Court gives Plaintiff "special solicitude," which it should not, Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

**POINT II:**
**THE COURT SHOULD DISMISS PLAINTIFF'S**
**FEDERAL DISCRIMINATION CLAIMS  (COUNTS XI, XII & XX)**

Plaintiff's federal discrimination and retaliation claims should be dismissed because Plaintiff fails to allege that Patino Eye Care had fifteen employees and because none of the four statutes imposes individual liability.

Plaintiff brings discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, *et seq.,* The Americans with Disabilities Act, 42 U.S.C. § 12112(a), and The Age Discrimination in Employment Act, 29 U.S.C. § 601, *et seq.*  Compl. Count XI.  Plaintiff brings retaliation claims under those same three laws plus the Genetic Information Nondiscrimination Act ("GINA"). Compl., Counts XII and XX.   Critically, all four statutes require that the defendant employ at least 15 employees in order for the defendant to be held liable under them.[3]

Plaintiff's federal discrimination claims must be dismissed in their entirety because Plaintiff's complaint is devoid of any allegations as to the number of employees employed by

---

[3] Under Title VII, an 'employer' is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The ADA defines an employer as "a person engaged in an industry affecting commerce who has 15 or more employees ..." 42 U.S.C. § 12101(5)(A). The ADEA require an employer to have 20 employees. 29 U.S.C. § 630(b) ("The term 'employer'  means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year").  The GINA requires uses the same definition of "employer" as Title VII.  42 U.S.C.A. § 2000ff ("The term 'employer' means-- (i) an employer (as defined in section 2000e(b) of this title").

Patino Eye Care.  *See Eyeghe v. Thierry*, No. 14-CV-1914 JMF, 2014 WL 5242605, at *1 (S.D.N.Y. Oct. 15, 2014).   In *Eyeghe* the Southern District dismissed a Title VII complaint where the plaintiff "fail[ed] to allege that that [defendant] is an employer within the meaning of Title VII, let alone facts (namely, that [Defendant] has fifteen or more employees) that would plausibly support such an allegation."  *Id.* (citations omitted). The court held that "[i]n the absence of such allegations, it cannot be said that Plaintiff has pleaded sufficient facts to state a facially plausible claim to relief under Title VII."  *Id.* (citing *Iqbal,* 556 U.S. at 678 and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

In so ruling, the *Eyghe* court persuasively explained why "[t]he Second Circuit's decision in *Da Silva v. Kinsho International Corporation,* 229 F.3d 358, 365–66 (2d Cir. 2000), does not call for a different conclusion."  *Eyeghe*, *supra*, at *1.[4]   The *Eyeghe* court explained that in *Da Silva* "the Court stated that '[t]he ultimate failure to prove ... employer status' under Title VII 'is not a ground for dismissing ... for failure to state claim; it is a ground for defeating [plaintiff's] federal claim on the merits'—except where 'the complaint shows on its face that the element of statutory coverage is lacking.' That language, however, was *dictum.* Moreover, there is reason to question the soundness of the *dictum* following *Arbaugh [v. Y&H Corp.,* 546 U.S. 500 (2006)], *Twombly,* and *Iqbal,* insofar as the Supreme Court has made clear, first, that a plaintiff must prove employer status to prevail on the merits and, second, that a plaintiff must show that success on the merits is plausible to survive a motion to dismiss.  In any event, this case does not

---

[4] Some district courts have cited *Da Silva* for the proposition that a discrimination complaint can survive a motion to dismiss even if the plaintiff fails to plead that the employer employed the requisite minimum number of employees.  *See, e.g., Smith v. Blavatnik,* 2014 WL 3739689, at *6 (S.D.N.Y. July 30, 2014), *report and recommendation adopted*, 2014 WL 5334080 (S.D.N.Y. Oct. 17, 2014) ("Defendants also argue that Smith's complaint should be dismissed because he did not plead that Defendants have at least 15 employees, the minimum number required to trigger liability under Title VII.  However, the failure of a plaintiff to plead this particular detail is not in itself fatal in the context of a motion to dismiss . . . Smith's complaint does not allege on its face that Defendants have less than the statutory minimum number of employees, which therefore remains a factual question").

involve an 'ultimate failure to prove' employer status; it involves a complete failure to allege, even in conclusory fashion, that Covent qualifies as an employer for Title VII purposes. [citation omitted]  Accordingly, even if the *Da Silva dictum* applied, Plaintiff's claim would fail." *Eyeghe,* 2014 WL 5242605, at *1 (quoting *Da Silva*, 229 F.3d at 365-66); *see also Kuhnmuench v. Phenix Pierre*, LLC, No. 16-CV-9162-LTS, 2018 WL 1357383, at *3 (S.D.N.Y. Mar. 15, 2018) (dismissing Title VII complaint that failed to allege that the putative "employer" had the requisite number of employees).

In light of the foregoing, the Court should dismiss all of Plaintiff's discrimination and retaliation claims under Title VII, the ADA, the ADEA, and GINA (Counts XI, XII, and XX of the complaint) against Patino Eye Care.  Moreover, because none of these statutes provides for individual liability, the claims against Dr. Patino and Molina must also be dismissed.[5]

**POINT III:**
**THE COURT SHOULD DISMISS PLAINTIFF'S**
**FLSA AND NYLL RETALIATION CLAIMS (COUNTS VII-X)**

The Court should also dismiss Plaintiff's FLSA and NYLL retaliation claims because: (a) Plaintiff's allegations are too vague and conclusory to sustain an FLSA or NYLL retaliation claim; and (b) Plaintiff's allegations about communications between Defendants and counsel for a defendant in another lawsuit by Plaintiff fail to state a claim for retaliation.

**A.  Plaintiff's allegations of complaints about alleged unpaid overtime are too vague and conclusory to support a retaliation claim in any event.**

---

[5] *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995) (No individual liability under Title VII); *see Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) ("the retaliation provision of the ADA, which explicitly borrows the remedies set forth in § 2000e-5, cannot provide for individual liability."); *Cherry v. Toussaint*, 50 Fed.Appx. 476, 477 (2d Cir. 2002) (summary order) ("the ADEA precludes individual liability").  Because the GINA defines employers to include employers as defined by Title VII and Title VII does not create individual liability, there is no individual liability under GINA.

Plaintiff's allegations are too vague and conclusory to sustain an FLSA or NYLL retaliation claim.[6]   Plaintiff brings an FLSA retaliation claim in Count VII of his complaint. While it is far from clear that Plaintiff is also suing under NYLL § 215, three headings in Counts VIII, IX, and X of the complaint mention the New York "Wage Theft Prevention Act" and refer to "retaliatory discharge."   Interpreting them liberally, these headings could be construed as asserting a claim for retaliation under NYLL § 215.  *See* Compl. ¶¶ 102-104.

"To establish a prima facie case of retaliation under the FLSA or NYLL, a plaintiff must show (1) participation in protected activity known to the defendant ...; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010).  "An employee may premise a[n] [FLSA or NYLL] retaliation action on an oral complaint made to an employer, so long as ... the complaint is 'sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.'" *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 107 (2d Cir. 2015) (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)). "Courts interpreting this standard have held that the protected complaint must allege that the employer is engaged in a violation." *See Watkins v. First Student, Inc*., 2018 WL 1135480, at *9 (S.D.N.Y. Feb. 28, 2018) (citing *Dunn v. Sederakis*, 143 F. Supp. 3d 102, 112 (S.D.N.Y. 2015) (collecting cases)).

---

[6] Section 215 of the FLSA makes it unlawful to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]."  New York Labor Law § 215(1)(a) provides: "No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer . . ."

In this case Plaintiff makes nothing more than conclusory allegations of protected activity.  Plaintiff claims that "Plaintiff participated in activities protected under FLSA and known to Defendants, such as making complaints to Defendants about their FLSA violations. Plaintiff was demoted from the management position and then discharged by Defendants because Plaintiff made complaints about overtime compensation, Defendants' retaliation, (sic) Plaintiff informed the Defendants that he was going to report the Defendants' (sic)."  Compl. ¶¶ 99-100. The complaint in the case at bar is devoid of any dates, times, places, or contents of the alleged "complaints" about alleged unpaid overtime.  Furthermore, the complaint fails to give any indication if the "complaints" were oral or written or to whom they were made. The complaint does not come close to alleging a complaint "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Greathouse*, 784 F.3d at 107.

Such allegations are insufficient to state a claim for retaliation under the FLSA or NYLL. For example, in *Watkins v. First Student, Inc*., 2018 WL 1135480, at *10 (S.D.N.Y. Feb. 28, 2018), the Court dismissed an FLSA retaliation complaint where "[t]here [was] no indication that Plaintiff said anything to [the employer] so as to put him on notice that she was alleging a potential FLSA or NYLL violation." *Id.*  Likewise, in *Baguidy v. Boro Transit Inc.*, 2017 WL 4443476, at *11 (E.D.N.Y. Sept. 30, 2017), this Court dismissed an FLSA retaliation claim where Plaintiff did not explain alleged disparate treatment or provide the employer's payroll manager "with sufficient information to understand that Plaintiff was complaining of anything more than a clerical error in his paycheck." *Id.*  In those cases, courts dismissed the Plaintiffs' claims even in instances where the Plaintiffs had alleged some facts indicating a problem with their pay.  In the case at bar, Plaintiff alleges *no facts at all* to indicate that he made a

"complaint" of a violation of the FLSA or NYLL.  Clearly, Plaintiff's allegations fall well short of even the claims dismissed in the cases cited above.  Therefore, his retaliation claims should be dismissed.

**B.** **Plaintiff's allegations about communications with a lawyer for a defendant in another lawsuit fail to state an FLSA retaliation claim.**

Additionally, Plaintiff cannot conjure an FLSA retaliation claim from his allegations about communications between Defendants and a lawyer representing another employer, Woodside Optical Corp., in a lawsuit brought by Plaintiff.

While Plaintiff accuses Defendants of "conspiring with opposing Counsel who is representing Woodside," the complaint contains no allegations of any actionable conduct by any Defendants.  The complaint alleges that the "Defendants ('PATINO') reached out to Plaintiff's employer ('PRECISE OPTOMETRY') and put Precise in contact with opposing Counsel for ('WOC'), causing opposing Counsel to interfere with Plaintiff's employment with ('PRECISE OPTOMETRY')." Compl. ¶ 47.   In other words, Defendants supposedly arranged for Woodside's counsel to speak to Precise Optometry about Plaintiff's case against Woodside.

The actions plaintiff alleges are simply not unlawful under the FLSA, which makes it unlawful only "to discharge or in any other manner discriminate against" an employee for protected activity.  29 U.S.C. § 215. Such actions are also not unlawful under the NYLL, which likewise makes it unlawful "to discriminate or retaliate against any employee."  NYLL § 215.

Notwithstanding the Second Circuit's references to "employee" and "employment action," *Mullins*, 626 F.3d at 53, some district courts in this Circuit have held "that in some circumstances plaintiffs can bring retaliation claims against former employers for post-employment conduct." *Li v. Oliver King Ents., Inc.*, 2015 WL 4643145, at *3 (S.D.N.Y. Aug. 4, 2015). Such circumstances are, however, "relatively narrow." *Id.*   In fact, in *Li*, *supra*, a

relatively recent opinion, Judge Caproni of the Southern District found not a single "post-employment retaliation case from this Circuit or elsewhere that did not involve either employment-related harm or a threatened legal claim against the plaintiff." *Id.* at *4.  In one of the few cases addressing whether acts other than adverse employment actions are unlawful under the FLSA and NYLL, the Southern District of New York held that "merely pressuring a claimant's union representatives not to assist her lawsuit [against the claimant's former employer]" was not unlawful because it "would not dissuade a reasonable worker from bringing similar complaints." *Dunn*, 143 F. Supp. 3d at 114.  In light of the law cited above, it is clear that "reaching out" to plaintiff's former employer to contact an attorney is not "discrimination" or "retaliation" within the meaning of the FLSA or NYLL.

Plaintiff further alleges that Dr. Patino committed an unlawful act because "Dr. Lucia Patino and Dr. Angela Dussan (sic) names show up on Opposing Counsels (sic) a Pre-Trial Motion as witnesses conspiring with opposing Counsel who is representing Woodside Optical Corp." and that they "agreed to assisting opposing Counsel with WOC."  Compl. ¶¶ 48-49. Under the law discussed above, it is not unlawful "retaliation: or "discrimination" to appear on a witness list or to help attorneys who are in litigation with Plaintiff.

Therefore, the Court should dismiss Plaintiff's FLSA and NYLL retaliation claims for failure to state a claim upon which relief may be granted.

## POINT IV:
## THE COURT SHOULD DISMISS PLAINTIFF'S OVERTIME CLAIMS UNDER THE FLSA AND NYLL (COUNTS I & II)

Plaintiff makes only conclusory allegations of working overtime without being paid, and those allegations are completely refuted by documents admissible on this motion.  Accordingly, the Court should dismiss Plaintiff's overtime claims under the FLSA and NYLL.

### A. **Plaintiff's conclusory allegations fail to state a claim.**

Plaintiff's complaint is devoid of allegations of how many hours he worked each workweek and how much overtime pay he is owed.  Plaintiff alleges only that he "typically worked in excess of 40 hours per week" and that he "was not properly paid straight time and overtime compensation."   Compl. ¶¶ 61-62. Under the law of this circuit, such conclusory allegations are insufficient to state a cause of action for overtime pay.

"A trilogy of Second Circuit opinions from 2013—*Lundy*, *Nakahata*, and *Dejesus*—are regularly relied upon to illustrate the contours of specificity required in this circuit to state an overtime claim under FLSA and NYLL." *Fridman v. GCS Computers LLC*, 2018 WL 1581990, at *3 (S.D.N.Y. Mar. 27, 2018).

In *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013) the Second Circuit held that plaintiffs failed to state an FLSA claim because they did not allege a "single workweek in which they worked at least [forty] hours and also worked uncompensated time in excess of [forty] hours" and needed to do more than merely plead that they worked "occasional" overtime. *Id.* at 114-15.

In *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013), the plaintiffs alleged that they "regularly worked hours both under and in excess of forty per week and were not paid for all of those hours," but the Second Circuit still found the claims insufficiently alleged because it only "raise[d] the possibility that [the] [p]laintiffs were undercompensated." *Id.* at 199, 201. To plausibly plead, the court stated that the plaintiffs needed to "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Id.* at 201.

Finally, in *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88 (2d Cir. 2013), the plaintiff pled that she worked more than forty hours a week in "some or all weeks" without being paid

"1.5 times her rate of compensation." *Id.* at 89 (internal quotation marks omitted). The Second Circuit found these allegations insufficient to state a claim because the plaintiff only repeated FLSA's statutory language and failed to "estimate her hours in any or all weeks or provide any other factual context or content." *Id.*; *see id.* at 87 (quoting the district court's observation that the plaintiff failed to state a claim for overtime violations because she did not "set forth the precise position she held, any approximation of the number of unpaid overtime hours worked, her rate of pay, or any approximation of the amount of wages due").

In light of these Second Circuit cases, Plaintiff's allegations that he "typically worked in excess of 40 hours per week" and "was not properly paid straight time and overtime compensation" (Compl. ¶¶ 61-62) are insufficient to state a claim for overtime pay under either the NYLL or FLSA.

**B.** **Documents that the Court is entitled to consider on this motion to dismiss disprove Plaintiff's overtime claims.**

The Court should dismiss Plaintiff's overtime pay claims for the additional reason that documents integral to the complaint, and documents of which the Court may take judicial notice, disprove Plaintiff's claims.

Specifically, official New York State Department of Labor Records show that Plaintiff filed a claim for $1,924.00 in wages.  Patino Aff., Exhibit "4." The Court may consider this document on this motion because "[w]hen considering a Rule 12(b)(6) or Rule 12(c) motion, the Court may take judicial notice of certain matters of public record without converting the motion into one for summary judgment." *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015).

A pay stub issued to Plaintiff indicates he was paid the gross amount of $1,925.22 (more than he claimed) which netted after taxes to $1,444.52.  *Id.*, Exhibits "2" and "3."  The pay

includes 2.2 hours of overtime pay from the two-week period Plaintiff was employed by Patino Eye Care.  Bank records show that Farmer cashed the check.  *Id.*, Exhibit "3."  The Court may consider those bank records on this motion because "[i]n reviewing a motion to dismiss, the Court may consider documents incorporated by reference in the complaint or attached as an exhibit thereto, documents that are 'integral' to the plaintiff's claims (even if not explicitly incorporated by reference)." *Zhang v. Ichiban Grp., LLC*, 2017 WL 5991748, at *5 (N.D.N.Y. Dec. 1, 2017) (citing *Thomas v. Westchester Cty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002) (citations omitted)).  Notably, "when a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the defendant may produce the [document] when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure."  *Zhang*, 2017 WL 5991748, at *5 (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)). Here, where Plaintiff alleges he was paid nothing for his work, the paycheck showing he was paid and the paystub he claims to have never received, certainly qualify as documents "integral" to the complaint.

In light of the authority set forth above, the Court is entitled to take judicial notice of the fact that Plaintiff claims he is entitled to $1,924.00.  The Court is also entitled to consider the paycheck Plaintiff neglected to mention that he had cashed, and the fact the gross amount of that check, $1,925.22, exceeded the wages Plaintiff contends he is owed.   In light of those documents, it clear Plaintiff's claims for overtime pay must be dismissed.

## POINT V:
## THE COURT SHOULD DISMISS PLAINTIFF'S LABOR LAW CLAIMS BASED ON MEAL PERIODS, RECORDKEEPING AND DISTRIBUTION OF REQUIRED FORMS (COUNTS III-VI)

The Court should dismiss each of the four claims Plaintiff has brought based upon meal periods, recordkeeping, and distribution of required forms.

The Court should dismiss Plaintiff's claim in Count III based upon his alleged non-receipt of a notice and acknowledge of pay date and pay rate because, as shown above, he received his full pay.  Accordingly, Plaintiff has not claim under NYLL § 195.1 for failure to receive that pay notice.  *Ahmed v. Morgans Hotel Grp. Mgmt., LLC*, 54 Misc. 3d 1220(A), 55 N.Y.S.3d 691 (N.Y. Sup. Ct. 2017), *aff'd sub nom. Ahmed v. Morgan's Hotel Grp. Mgmt., LLC*, 160 A.D.3d 555, 74 N.Y.S.3d 546 (N.Y. App. Div. 2018) ("the Labor Law was recently amended to protect employers from a mere technical violation of the notice provision, and that this amendment provides a complete defense to his minimum wage claim. Labor Law § 198(1–b) and (1–d) provide that, when an individual is not provided with the requisite notice, the employer will not be liable where the employee was always paid an amount equal to or above the minimum wage throughout his employment. In other words, if the employee suffered no actual injury as a result of not being given the notice, there is no liability. That is exactly what happened here—the documentary evidence demonstrates that plaintiff was always paid at least the minimum wage. This fact provides a complete defense to plaintiff's claim (*see* Labor Law § 198[1–b])").

Plaintiff received a pay stub with his pay. *See* Patino Aff., Exhibit "3." Accordingly, Plaintiff has no claim under NYLL § 195(3) for failure to receive a pay stub and Count IV should be dismissed.

Plaintiff's Count V asserts a claim based upon a failure to keep payroll records required by NYLL § 194(4). "Nothing in the NYLL authorizes an independent cause of action based on a violation of § 195(4)." *Carter v. Tuttnaeur U.S.A. Co.*, 78 F. Supp. 3d 564, 571 (E.D.N.Y. 2015). Therefore, Court V should be dismissed.

Plaintiff's Count VI asserts a claim for failure to provide meal periods under NYLL § 162. The Court should dismiss that claim as well because NYLL § 162 does not provide a private right of action. *Awan v. Durrani*, 2015 WL 4000139, *9 n.12 (E.D.N.Y. July 1, 2015) ("Despite Plaintiff's allegations, his claim must be dismissed because under N.Y. Lab. Law § 162 (requiring meal periods), no private statutory right of action exists to enforce it.").

### POINT VI:
### THE COURT SHOULD DISMISS PLAINTIFF'S
### INVASION OF PRIVACY CLAIMS (COUNTS XIII-XVI)

Plaintiff asserts various iterations of common law claims of "invasion of privacy." Compl. ¶¶ 107-110. Such claims are not recognized under New York law. Accordingly, Plaintiff's invasion of privacy claims must be dismissed.

Plaintiff's invasion of privacy counts contain no text beyond a statement realleging all prior allegations in the complaint. Rather, the heading of each count says "invasion of privacy" and cites a sub-section of § 652 of the *Restatement (Second) of Torts*. New York law does not recognize any common law invasion of privacy claims. "At least three other 'privacy' torts have been recognized elsewhere: unreasonable publicity given to another's private life; unreasonable intrusion upon seclusion; and publicity that unreasonably places another in a false light." *Howell v. New York Post Co.*, 81 N.Y.2d 115, 123, 612 N.E.2d 699, 703 (1993). "While the courts of other jurisdictions have adopted some or all of these torts, in this State the right to privacy is governed exclusively by sections 50 and 51 of the Civil Rights Law; we have no common law of

privacy." *Howell*, 81 N.Y.2d at 123, 612 N.E.2d at 703.  In New York "[t]he statutory right to privacy is not transgressed unless defendants used plaintiff's photograph in connection with trade or advertising." *Id.* at 81 N.Y.2d at 124, 612 N.E.2d at 704.

Accordingly, Plaintiff's claims invoking the common law right of privacy must be dismissed.  To the extent Plaintiff's complaint could be construed to allege a violation of the New York statutory right to privacy, it should be dismissed because the complaint is devoid of facts that would support such a claim.

**POINT VII:**
**THE COURT SHOULD DISMISS PLAINTIFF'S INTENTIONAL**
**INFLICTION OF EMOTIONAL DISTRESS CLAIMS (COUNTS XVII & XVIII)**

Plaintiff's complaint is devoid of allegations of "extreme and outrageous" conduct that would support a claim for intentional infliction of emotional distress ("IIED").  Accordingly, the Court should dismiss his IIED claims.

The tort of IIED has "four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Anthony v. GE Capital Retail Bank*, 2015 WL 10846141, at *4 (S.D.N.Y. Sept. 30, 2015) (citing *Howell v. N.Y. Post Co.,* 81 N.Y.2d 115, 121 (1993)).  "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 122 (internal quotation marks omitted) (citation omitted).  In order to state a claim for IIED, the plaintiff must allege conduct by the employer that must "consist of more than mere insults, indignities and annoyances and must be so shocking and outrageous as to exceed all reasonable bounds of decency." *See Nestlerode v. Federal Ins. Co.*, 66 A.D.2d 504, 507, 414 N.Y.S.2d 398,

400 (4th Dep't 1979). "Given this high threshold, courts routinely dismiss claims for intentional infliction of emotional distress brought by terminated at-will employees, in cases where the plaintiff has failed to allege sufficiently outrageous conduct on the part of the employer." 13 N.Y. Prac., *Employment Litigation in N.Y.* § 5:27 n.4 (2018) (collecting numerous cases).

Plaintiff's allegations fail to meet the demanding standards for sustaining an IIED claim. Moreover, Defendants' alleged acts of "appearing" on a witness list, or supposedly "reaching out" to Plaintiff's employer to assist another defendant in a lawsuit Plaintiff brought, simply are not "extreme and outrageous conduct." Accordingly, Plaintiff's IIED claims must be dismissed.

### POINT VIII:
### THE COURT SHOULD DISMISS PLAINTIFF'S TORTIOUS INTERFERENCE CLAIM (COUNT XIX)

Plaintiff fails to plead facts that would support a tortious interference claim against Defendants. Accordingly, it should be dismissed.

"In order to prevail on his claim that defendant tortiously interfered with his contract of employment . . . [a] plaintiff must show (1) the existence of a valid contract between himself and a third party, (2) defendant's knowledge of that contract, (3) defendant's intentional inducement of the third party to breach that contract, and (4) damages." *Murray v. SYSCO Corp.*, 273 A.D.2d 760, 761, 710 N.Y.S.2d 179, 181 (3d Dep't 2000). "Where the contract of employment between plaintiff and a third party is terminable at will, which is the case here, plaintiff must also show that defendant employed wrongful means, such as fraud, misrepresentation or threats to effect the termination of employment." *Id.* (citing *Guard–Life Corp. v. S. Parker Hardware Mfg. Corp.,* 50 N.Y.2d 183, 194, 428 N.Y.S.2d 628 (1980)).

In the case at bar, Plaintiff fails to allege that any party was induced to breach a contract with him, let alone that any defendant caused such breach by employment of wrongful means

such as fraud, misrepresentation, or threats.  Plaintiff also fails to plead any damages resulting from the supposed "tortious interference."  Accordingly, Plaintiff's tortious interference claim should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss all twenty counts of Plaintiffs' complaint for failure to state a claim upon which relief may be granted, grant Defendants Patino Eye Care, Dr. Patino, and Molina their costs.

Respectfully submitted,

ELLENOFF GROSSMAN & SCHOLE LLP


By:_____/S/_____
        Amanda M. Fugazy
        Paul P. Rooney
        Robert Anderson
        1345 Avenue of the Americas, 11th Fl.
        New York, New York 10105
        Tel: (212) 370-1300
        *Attorneys for Defendants Dr. Lucia Patino*
        *Optometrist, P.C., Dr. Lucia Patino, and*
        *Rodrigo Molina*

Dated:  June 21, 2018
          New York, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RICHARD FARMER,

                    Plaintiff,                          18-CV-1435 (AMD) (LB)

        -against-                              **AFFIRMATION OF SERVICE**

DR. LUCIA PATINO, OPTOMETRIST, P.C.,
d/b/a PATINO EYE CARE, DR. LUCIA PATINO OD,
OWNER, RODRIGO MOLINA, OWNER G.M., and
DR. ANGELA V. DUSSAN OD, et al.,

                    Defendants.
-----------------------------------------------------------------------X

        I, Allison Vieyra, hereby affirm under the penalty of perjury under the laws of the United

States, pursuant to 28 U.S.C. § 1746, that on June 21, 2018, I served a true and correct copy of

the MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS

DR. LUCIA PATINO, OPTOMETRIST, P.C., DR. LUCIA PATINO, AND RODRIGO

MOLINA by U.S. MAIL PRIORITY MAIL by depositing a true and correct copy in an envelope

bearing sufficient postage to effect delivery into a depository under the exclusive control of the

U.S. Postal service addressed as follows:

Richard Farmer
498 Atlantic Avenue
Brooklyn, NY 11217

Angela V. Dussan
126 King Street
Malverne, NY 11565

        I affirm under the penalty of perjury under the laws of the United States that the

foregoing is true and correct.  Executed on June 21, 2018.

                                        ALLISON VIEYRA

{00603452.DOCX.1}